Dennis J. Tarantino, Esq. Deputy Town Attorney, Moreau
You inquire whether the Town of Moreau may adopt a part of the State Building Conservation and Fire Prevention Code ("Code"). Second, you ask whether the town may delete provisions of the Code in its application to the town, utilizing section 395 of the Executive Law. You do not indicate whether the town intends to substitute its own regulations for deleted portions of the Code or leave the areas unregulated. We shall deal with both situations.
The Code is applicable in any city, town or village which has enacted a resolution accepting its applicability (Executive Law, §§ 392, 374-a). The legislative purpose is for the Code to contain basic minimum standards of property use and fire safety (id., § 390). The State Building Code Council ("Council"), upon the recommendation of the legislative body of a municipality where the Code applies, may adopt regulations imposing more restrictive standards in the municipality than those provided in the Code (id., § 394).
Since the Code provides minimum standards and more restrictive standards may be imposed only by the Council upon the recommendation of the municipality, the latter may not on its own adopt regulations that are more or less stringent than the Code. For these reasons, we conclude that a municipality may not adopt a part of the Code and substitute its own regulations for the remainder or amend any provisions of the Code in its application to the municipality. Nor do we believe a municipality may adopt a part of the Code and leave the remaining areas unregulated by local rules since there is no statutory authority for partial adoption and since such a practice would defeat the legislative purpose of providing minimum standards in those municipalities where the Code has been adopted (id., §§ 390, 397). The Code provisions are a cohesive framework to achieve minimum standards of property use and fire safety. The deletion of provisions of the Code would in some cases undermine the effectiveness of other dependent provisions and in turn jeopardize attainment of the legislative purpose.
Regarding your second question, section 395 of the Executive Law does not authorize amendments of the Code by the municipal board of review to be applicable throughout the municipality. Section 395 authorizes variances or modifications of the Code by the board of review "where practical difficulties or unnecessary hardships may result from enforcement" (id., § 395). The variances or modifications must be consistent with the spirit of the Code. We believe that the intent of section 395 is to authorize variances and modifications on a case-by-case basis by the local board of review. We do not read section 395 to permit the board indirectly to amend the Code by granting municipality-wide variances or modifications, something that the governing body cannot do directly.
We conclude that a municipality may not adopt a part of the State Building Conservation and Fire Prevention Code. The local board of review may not approve variances and modifications of the Code applicable throughout the municipality but may approve them on a case-by-case basis upon a finding of practical difficulty or unnecessary hardship.